UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-00375-TLN |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR ACCESS TO SEALED DOCUMENTS** |
| KENNETH KIM PARKS, *et al*., | |
| Defendants. | |

    Kyn Naope ("Naope"), who is not a defendant in this case, but was a defendant in a related case, requests his counsel have access to sealed documents in this case. (ECF No. 331 at 1, 3.) Naope pleaded guilty to a single-count information in case 2:15-cr-00133-GEB. (ECF No. 331 at 1, 3.) Naope states he plans to move for resentencing based on ineffective assistance of counsel, due to his trial counsel's "failure to obtain relevant discovery and to investigate and address factual and legal errors" in his pre-sentence report and the government's sentencing memorandum. (ECF No. 331 at 3.) Naope believes several sealed documents in this case contain information favorable to him and moves for his counsel to have access to review the documents. (ECF No. 331 at 1, 6.) Naope does not move to unseal the documents, but only for access for his counsel to review the sealed documents under a protective order. (ECF No. 331 at 8.)

    Naope argues the defendants in this case were charged as participants in the same conspiracy to commit unemployment fraud as Naope, and review of sealed pleadings and exhibits

related to these defendants will help Naope in three ways.  (ECF No. 331 at 6–7.)  He argues they will assist him with his factual argument he was not a leader of the scheme, to compare loss amounts attributed to him with those of the defendants in this case, and to analyze any sentencing disparity and what portion may be due to ineffective assistance of counsel.  (ECF No. 331 at 6–7.)  Naope states "[t]here appears to be no discovery" to support these claims, but that his current counsel received 8,000 electronic documents from prior counsel that is not indexed or word searchable, and the government has not assisted by providing an index.  (ECF No. 334 at 3.)

The government raises several arguments in opposition to this motion.  (ECF No. 333 at 3–6.)  As the Court finds Naope does not make any successful arguments in support of his motion, the Court will not address the government's arguments.

Naope has not shown, or cited any authority for the proposition that this Court should allow access to sealed records in a case in which he is not a party and not one of the persons allowed access in the sealing order — the defendant's counsel or the government.  The Court considered all factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990) and *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008) at the time, and found sealing the documents from all but the excepted individuals was the only way to adequately protect the compelling interests identified.  This has not changed.

Naope analogizes his request to this Court's order to allow appellate counsel for one of the defendant's in this case to have access to sentencing documents relating to that defendant which had been filed under seal in this case.  (ECF No. 331 at 4 n.1.)  The facts are not analogous.  The attorney requesting access in that instance was appellate counsel for defendant Andre Walters and the materials filed under seal related to Mr. Walters's own sentencing.  (ECF No. 330 at 1–2.)  The requesting attorney did not represent one of the other defendants in that case much less a defendant in a different, if related, case.  (ECF No. 330 at 1; ECF No. 331 at 1–2.)  The documents Mr. Walters's appellate attorney requested where ones to which Mr. Walters and his attorney where entitled, and providing those documents was not counter to the sealing orders.  (ECF Nos. 285 at 1; 286 at 1; 298 at 1) ("It is further ordered that access to the sealed documents shall be limited to the Government and counsel for Defendant.").

Accordingly, the Court hereby DENIES Naope's Request for Access to Sealed Documents (ECF No. 331).

IT IS SO ORDERED.

Dated: 1/31/2018

Troy L. Nunley
United States District Judge